# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Terry Altman | Case No. |
| Plaintiff | COMPLAINT |
| v. | July Demand Requested |
| NCB Management Services, Inc. . <br> One Allied Drive <br> Trevose, PA 19053 | |
| Defendant | |

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

## **INTRODUCTION**

1. Plaintiff, Terry Altman, brings this action to secure redress from unlawful collection practices engaged in by Defendant, NCB Management Services, Incorporated. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA makes clear that within five days of any initial communication, a debt collector clearly state who the current creditor of the Debtor is. 15 U.S.C. Section 1692g

3. Under 15 U.S.C. Section 1692c(a)(2), once the Debt Collector knows that the Debtor is represented by an Attorney, the Debt Collector must immediately cease communication.

4. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

5. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

6. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services,LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)).

7. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

8. The Sixth Circuit Court of Appeals stated "[I]f Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker vs. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

## JURISDICTION AND VENUE

9. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

10. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

11. Plaintiff, Terry Altman (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

12. Plaintiff is a resident of the State of Illinois

13. Defendant, NCB Management Services, Incorporated ("Defendant"), is a Michigan business entity with an address of One Alliance Road, Trevose, PA 19053 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

14. Unless otherwise stated herein, the term "Defendant" shall refer to NCB Management Services, Incorporated.
15. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## **ALLEGATIONS**

16. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $3244.39 (the "Debt") to an original creditor (the "Creditor")
17. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
18. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
19. Defendant has made four phone calls to Plaintiff during January, 2018, in each of those four phone calls, Plaintiff has give Defendant the name and phone number of his Attorney for this matter.
20. These collection calls began no later than January 3, 2018 and to date, Defendant has sent Plaintiff absolutely none of the advisements under 15 U.S.C. Section
21. Defendant has made a total of six phone calls, including five after being first told by Plaintiff that he has an Attorney for this matter.
22. Plaintiff did not receive the legally required "mini-miranda" advisements under 15 U.S.C. Section 1692g until after five days from the initial communication. See Exhibit A.
23. Said letter, as described in exhibit A, was received by Plaintiff on January 19, 2018; said letter was sent over five days after initial communication with the Plaintiff and after Plaintiff had told Defendant four times that he had an Attorney.
24. Furthermore, in said communication, it states "[B]ecause of interest, late charges, and other charges assessed by your creditor that may vary from day to day, the amount due on the day you pay may be greater." See Exhibit A.

25. In fact, the statement in paragraph 24, by Defendant, is an impossible outcome as there is nothing in the contract between Plaintiff and the original creditor that would authorize "other charges."
26. Recently, the Seventh Circuit Court of Appeals weighed into the statement in paragraph 24 that it is not a protection to use this language when an outcome is being suggested that is impossible to come to pass. *Boucher v. Fin. Sys. Of Green Bay, Inc.*, No. 17-2308, (7th Cir., 2018)

## STANDING AND INJURY

27. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
28. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
29. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."
reprinted in
30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
31. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of

this Complaint as though fully stated herein.

33. The Defendant's conduct violated 15 U.S.C. Section 1692g(a) by not advising Plaintiff of her rights under this code section, commonly known as the "Mini-Miranda" rights.

34. The Defendant's conduct violation 15 U.S.C. Section 1692c(a)(2) by calling Plaintiff after Plaintiff told Defendant on four different occasions that he had an Attorney for this matter.

35. The Defendant's conduct violated 15 U.S.C. Section 1692e by suggesting an outcome that is a legal impossibility.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff